IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALETTA MCMURRAY,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF SACRAMENTO;<br>Sheriff JOHN MCGINNESS;<br>Deputy Sheriffs JAVIER<br>BUSTAMANTE, V. CANDIDO, L.<br>CULP, and DOES 1 through 10,<br>inclusive,<br><br>        Defendants. | 02:09-cv-02245-GEB-EFB<br><br><u>ORDER TO SHOW CAUSE<br>AND CONTINUING STATUS<br>(PRETRIAL SCHEDULING)<br>CONFERENCE</u> |

        The August 13, 2009, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case for November 30, 2009, and required the parties to file a joint status report no later than fourteen days prior to the scheduling conference.  The Order further required that a status report be filed regardless of whether a joint report could be procured.  No status report was filed as ordered.

        Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on December 28, 2009, why sanctions should not be imposed against her and/or her counsel

1  under Rule 16(f) of the Federal Rules of Civil Procedure for
2  failure to file a timely status report.  The written response shall
3  also state whether Plaintiff or her counsel is at fault, and
4  whether a hearing is requested on the OSC.[1]  If a hearing is
5  requested, it will be held on January 19, 2009, at 9:00 a.m., just
6  prior to the status conference, which is rescheduled to that date.
7  A status report shall be filed no later than fourteen days prior to
8  the status conference.
9          IT IS SO ORDERED.
10 Dated:  November 24, 2009

12                            _____
                              GARLAND E. BURRELL, JR.
13                            United States District Judge

---

[1]  "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2