1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VALETTA McMURRAY,

11            Plaintiff,              No. CIV S-09-2245 GEB EFB PS

12        vs.

13   COUNTY OF SACRAMENTO,
     et al.,
14
              Defendants.            ORDER TO SHOW CAUSE
15   _____/

16        This case is before the undersigned pursuant to Eastern District of California Local Rule

17   302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  On March 4, 2011, defendants County of Sacramento,

18   Sheriff John McGinness, and Deputy Sheriffs Javier Bustamante, V. Candido, and L. Culp

19   ("defendants") filed a motion for summary judgment and noticed the motion for hearing before

20   the undersigned on April 6, 2011.  Dckt. No. 34.

21        Court records reflect that plaintiff has filed neither an opposition nor a statement of

22   non-opposition to defendants' motion.  Local Rule 230(c) provides that opposition to the

23   granting of a motion, or a statement of non-opposition thereto, must be served upon the moving

24   party, and filed with this court, no later than fourteen days preceding the noticed hearing date or,

25   in this instance, by March 23, 2011.  Local Rule 230(c) further provides that "[n]o party will be

26   entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has

1

1    not been timely filed by that party."

2           Additionally, Local Rule 260(b) provides that "[a]ny party opposing a motion for

3    summary judgment or summary adjudication shall reproduce the itemized facts in the Statement

4    of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed,

5    including with each denial a citation to the particular portions of any pleading, affidavit,

6    deposition, interrogatory answer, admission, or other document relied upon in support of that

7    denial."  Local Rule 260(b) further provides that "[t]he opposing party may also file a concise

8    'Statement of Disputed Facts,' and the source thereof in the record, of all additional material

9    facts as to which there is a genuine issue precluding summary judgment or adjudication," and

10   that "[t]he opposing party shall be responsible for the filing of all evidentiary documents cited in

11   the opposing papers."

12          Finally, Local Rule 183, governing persons appearing in pro se, provides that failure to

13   comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal,

14   judgment by default, or other appropriate sanction.  Local Rule 110 provides that failure to

15   comply with the Local Rules "may be grounds for imposition by the Court of any and all

16   sanctions authorized by statute or Rule or within the inherent power of the Court."  *See also*

17   *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules

18   is a proper ground for dismissal.").  Pro se litigants are bound by the rules of procedure, even

19   though pleadings are liberally construed in their favor.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th

20   Cir. 1987).

21          Because plaintiff has failed to file an opposition or statement of non-opposition to

22   defendants' motion for summary judgment, as required by Local Rule 230, and has failed to

23   respond to defendants' statement of undisputed facts, as required by Local Rule 260, the hearing

24   on defendants' motion for summary judgment will be continued.  Plaintiff will be ordered to

25   show cause why sanctions should not be imposed for failure to timely file an opposition or a

26   statement of non-opposition to the pending motion and for failure to timely file a response to

2

defendants' statement of undisputed facts.  Plaintiff will also be ordered to file an opposition to the motion or a statement of non-opposition thereto and a response to defendants' statement of undisputed facts.  A failure to comply with this order may result in a recommendation that defendants' motion for summary judgment be granted and/or that this action be dismissed for failure to prosecute and for failure to comply with court orders and this court's Local Rules.  *See* Fed. R. Civ. P. 41(b).

The court informs plaintiff of the following with respect to opposing a motion for summary judgment under Fed. R. Civ. P. 56:  Such a motion is a request that the court grant judgment in defendants' favor without trial.  A motion for summary judgment will set forth the facts that defendants assert are not reasonably subject to dispute and that entitle them to judgment under applicable law.  To oppose a motion for summary judgment, plaintiff must show proof of his claims.  To do this, he may rely upon statements made in the complaint under penalty of perjury if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies the parts of the complaint upon which he relies.  Plaintiff also may file one or more affidavits or declarations setting forth the facts that plaintiff believes prove his claims, as long as the person who signs it has personal knowledge of the facts stated.  Plaintiff may rely on written records, but he must prove they are what he asserts them to be.  Plaintiff may rely on all or any part of responses to discovery propounded in this case, i.e, answers to interrogatories, admissions and deposition transcripts.  If plaintiff fails to contradict defendants' evidence with counter-affidavits or other admissible evidence, the court may accept defendants' evidence as true and grant the motion.  If there is good reason why such facts are not available to plaintiff when he is required to oppose a motion for summary judgment, the court will consider a request to postpone considering the motion.  If plaintiff does not file a written opposition to the motion or a request to postpone consideration of it, the court may consider the failure to act as a waiver of opposition to the defendants' motion.  If the court grants defendants' motion, whether opposed or unopposed, judgment will be entered for defendants without a trial and the case will

be closed.

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1.  The hearing on defendants' motion for summary judgment, Dckt. No. 34, is continued to May 11, 2011.

2.  Plaintiff shall show cause, in writing, no later than April 27, 2011, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the motion and for failure to timely file a response to defendants' statement of undisputed facts.

3.  Plaintiff shall file an opposition to the motion, or a statement of non-opposition thereto, and a response to defendants' statement of undisputed facts, no later than April 27, 2011.

4.  Failure of plaintiff to comply with this order will be deemed a statement of non-opposition to the motion, and may result in a recommendation that the motion be granted and/or that this action be dismissed for failure to prosecute and for failure to comply with court orders and this court's Local Rules.

5.  Defendants may file a reply to plaintiff's opposition, if any, on or before May 4, 2011.

SO ORDERED.

DATED:  March 28, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4