IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VALETTA McMURRAY,

      Plaintiff,

vs.

COUNTY OF SACRAMENTO, et al.,

      Defendants.

No. CIV S-09-2245 GEB EFB PS

ORDER

      This action is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On April 1, 2011, defendants filed an ex parte application to modify the status (pretrial scheduling) order in this action. Dckt. No. 36; *see also* Dckt. No. 32. Specifically, defendants seek to continue the discovery deadline from May 4, 2011 to June 17, 2011 because defendants' motion for summary judgment was continued to a date beyond the initial discovery deadline (due to plaintiff's failure to respond to the motion) and defendants may need to conduct further discovery if the motion is denied. Dckt. No. 36 at 1, 3. Defendants do not seek to modify any other deadlines or dates set forth in the status (pretrial scheduling) order. *Id.*

      A schedule may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising

1

due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* Here, although defendants' ex parte application is not in strict compliance with the Local Rules,[1] the application is supported by good cause.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' application to modify the scheduling order, Dckt. No. 36, is granted.

2. The discovery completion deadline set forth in the status (pretrial scheduling) order is continued to June 17, 2011. As provided in that order, the word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with. Motions to compel discovery must be noticed on the undersigned's calendar in accordance with the Local Rules and must be heard not later than May 18, 2011.

3. All other dates and deadlines set forth in the status (pretrial scheduling) order, Dckt. No. 32, shall remain the same.

SO ORDERED.

DATED: April 4, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Local Rule 230(b) provides that "[e]xcept as otherwise provided in these Rules or as ordered or allowed by the Court, all motions shall be noticed on the motion calendar of the assigned Judge or Magistrate Judge." Local Rule 144(e), which permits matters to be heard on shortened time, provides that "[a]pplications to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time [and] will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action." Additionally, Local Rule 144(c) provides that "[t]he Court may, in its discretion, grant an initial extension *ex parte* upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary."