**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 99180
Kristina M. Hall, SBN 196794
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants COUNTY OF SACRAMENTO, SHERIFF JOHN McGINNESS, DEPUTY SHERIFFS JAVIER BUSTAMANTE, V. CANDIDO, L. CULP

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALETTA McMURRAY, | Case No. 2:09-CV-02245-GEB-EFB |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER REGARDING CRIMINAL BACKGROUND RECORDS OF PLAINTIFF AND DECEDENT** |
| vs. | |
| COUNTY OF SACRAMENTO, SHERIFF JOHN McGINNESS, DEPUTY SHERIFFS JAVIER BUSTAMANTE, V. CANDIDO, L. CULP, and DOES 1 through 10, inclusive. | |
| Defendants. | |

Counsel for Defendants COUNTY OF SACRAMENTO, JOHN McGINNESS, JAVIER BUSTAMANTE, V. CANDIDO and L. CULP have sought the criminal history records of Plaintiff VALETTA McMURRAY and decedent Damion McMurray via subpoenas to the California Department of Justice ("DOJ"), a third party, pursuant to Fed. R. Civ. P. 45. DOJ is the custodian of records and maintains the records Defendants seek. DOJ in good faith asserts that the subpoenaed records contain information that is (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and, ( c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence. Thus, DOJ intended to object to the subpoenas. However, as a showing of good faith and cooperation, and to avoid bringing this matter before the Court in a motion to

1  compel the production of the documents, counsel for DOJ has agreed to produce the requested
2  documents subject to a stipulated protective order based on Defendants' representation that the
3  sought documents are relevant and that good cause exists to obtain them. In accordance therewith,
4      IT IS HEREBY STIPULATED by, among and between counsel of record for Defendants
5  and DOJ that the documents described above may be designated as "Confidential" and produced
6  subject to the following Protective Order:
7      1.    The disclosed documents shall be used solely in connection with the federal civil case
8  of *Valetta McMurray v. County of Sacramento, et al.,* Case No. 2:09-CV-02245-GEB-EFB, and in
9  the preparation and trial of this case. The parties are not waiving any objections to the admissibility
10 of the documents or portions of the documents in future proceedings, including the trial in this
11 matter.
12     2.    A party producing the documents and materials described above may designate those
13 materials by affixing a mark labeling them as "Confidential Material Subject to Protective Order."
14 If any Confidential materials cannot be labeled with the aforementioned marking, those materials
15 shall be placed in a sealed envelope or other container that is, in turn, marked Confidential in a
16 manner agreed upon by the disclosing and requesting parties.
17     3.    Documents or materials designated under this Protective Order as Confidential may
18 only be disclosed to the following persons:
19     a)    Plaintiff Valetta McMurray;
20     b)    Counsel for Defendants: Terence J. Cassidy and Kristina M. Hall of Porter
21     Scott on behalf of Defendants County of Sacramento, John McGinness,
22     Javier Bustamante, V. Candido and L. Culp. Counsel may in turn disclose
23     this information to the individual Defendants to the extent reasonably
24     necessary to assist their counsel in this litigation, or for this counsel to advise
25     them with respect to the litigation. Defendants are not to disclose
26     "Confidential" information or materials to any other persons without court
27     authorization;
28

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

2
**STIPULATED PROTECTIVE ORDER REGARDING
CRIMINAL BACKGROUND RECORDS OF PLAINTIFF AND DECEDENT**
00915239.WPD

1  c) Attorneys, paralegals, clerical and secretarial personnel regularly employed by counsel;

3  d) Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

6  e) Any expert or consultant retained in connection with this action;

7  f) The finder of fact at the time of trial, subject to the court's rulings on in limine motions and objections of counsel.

4. Prior to the disclosure of any Confidential information to any person identified in paragraph 3, each such recipient of Confidential information shall be provided with a copy of this Protective Order, which he or she shall read. Such person also must consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding for contempt. Provisions of this Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of the Court. Plaintiff and counsel for Defendants shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked "Confidential" are given. The parties will advise each other of the names and addresses of all individual(s) to whom they wish to provide Confidential documents.

5. All documents or materials designated as Confidential pursuant to this Protective Order, and all papers or documents containing information or materials designated as Confidential, that are filed with the Court for any purpose shall be filed and served under seal pursuant to the procedures outlined in Local Rules 140 and 141, with the following statement affixed to the document or other information:

"This envelope is sealed pursuant to order of the Court and contains Confidential Information filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

6. The designation of information as Confidential, as the subsequent production thereof, is without prejudice to the right of any party to oppose the admissibility of the designated

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

1 information.

2   7.   A party may apply to the Court for an order that information or materials labeled
3 Confidential are not, in fact, confidential. Prior to so applying, the party seeking to reclassify
4 Confidential Information shall meet and confer with the producing party. Until the matter is
5 resolved by the parties or the Court, the information in question shall continue to be treated
6 according to its designation under the terms of this Order. The producing party shall have the
7 burden of establishing the propriety of the Confidential designation. A party shall not be obligated
8 to challenge the propriety of a Confidential designation at the time made, and a failure to do so shall
9 not preclude a subsequent challenge thereto.

10   8.   Copies of Confidential documents or materials will be handled in the following
11 manner:

12   a)   The parties shall not copy, duplicate, furnish, disclose, or otherwise divulge
13       any information contained in these Confidential documents to anyone;

14   b)   If, for a justifiable reason, the parties in good faith reasonably believe they
15       need an additional copy or copies for preparation of their case, including any
16       copies for court filing, they shall notify the other party's attorney of the
17       specific number of copies of documents marked "Confidential" that will be
18       reproduced;

19   c)   The parties shall maintain Confidential information with a red marking
20       labeled, "CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE
21       ORDER";

22   d)   If any document, information or material designated as Confidential pursuant
23       to this Protective Order is used or disclosed during the course of a deposition,
24       that portion of the deposition record reflecting such material shall be stamped
25       with the appropriate designation and access shall be limited pursuant to the
26       terms fo this Protective Order. The court reporter for the deposition shall
27       mark the deposition transcript cover pages and all appropriate pages or

28

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

4
**STIPULATED PROTECTIVE ORDER REGARDING
CRIMINAL BACKGROUND RECORDS OF PLAINTIFF AND DECEDENT**

00915239.WPD

exhibits, and each copy thereof, in accordance with paragraph 5 of this Protective Order. Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

9. Notwithstanding the provisions of paragraph 3, Confidential information produced pursuant to this Protective Order shall not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization.

10. Should any information designated Confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly:

   a) inform the opposing party or its counsel regarding the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing persons(s); and,

   b) use best efforts to bind the recipient(s) to the terms of this Protective Order. No information shall lose its Confidential status because it was disclosed to a person not authorized to receive it under this Protective Order.

11. At the conclusion of this litigation, all documents or materials, in whatever form they may be stored, that have been designated Confidential shall remain Confidential and, if filed with the Court, shall remain under seal. All parties shall also ensure that all persons to whom Confidential documents were disclosed shall be returned to counsel for the producing party. "Conclusion" means a termination of the case following applicable post-trial motions, appeal and/or retrial. After the conclusion of this litigation, all Confidential documents received pursuant to the provisions of this Protective Order, including all copies made, shall be returned to counsel for Defendants for the oversight of destruction.

////

////

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

5
**STIPULATED PROTECTIVE ORDER REGARDING
CRIMINAL BACKGROUND RECORDS OF PLAINTIFF AND DECEDENT**
00915239.WPD

12. This Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons in this case after this litigation terminates, subject to any subsequent modifications of this Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. After this action terminates, any party may seek to modify or dissolve this Protective Order for good cause or by the stipulation of the parties.

13. The Court shall retain jurisdiction, even after this lawsuit terminates to (a) make such amendments, modifications and/or additions to this Protective Order as it may from time to time deem appropriate upon good cause shown, and (b) adjudicate any dispute regarding improper use or disclosure of confidential material(s).

14. No later than 45 days after receiving the notice of the entry of an order, judgment or decree terminating this entire action, all persons having received protected information as identified herein shall return all Confidential documents or materials to the counsel for Defendants for proper destruction.

15. Upon receiving the documents from DOJ, counsel for Defendants shall notify Plaintiff that counsel is in receipt of said documents and make the documents available to Plaintiff for inspection and/or copying.

Respectfully submitted,

Dated: July 18, 2011                    CALIFORNIA ATTORNEY GENERAL'S OFFICE

By   /s/ Ashante Norton (auth'd 7/18/11)
    Ashante Norton
    Deputy Attorney General

////

////

////

////

////

6
**STIPULATED PROTECTIVE ORDER REGARDING
CRIMINAL BACKGROUND RECORDS OF PLAINTIFF AND DECEDENT**

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

00915239.WPD

1   Dated: July 18, 2011                    PORTER SCOTT
                                            A PROFESSIONAL CORPORATION

                                            By    /s/ Terence J. Cassidy
                                                  Terence J. Cassidy
                                                  Kristina M. Hall
                                                  Attorney for Defendants
                                                  COUNTY OF SACRAMENTO, JOHN
                                                  McGINNESS, JAVIER BUSTAMANTE, V.
                                                  CANDIDO and L. CULP

**IT IS SO ORDERED.**

Dated: July 26, 2011.

                                            _____
                                            EDMUND F. BRENNAN
                                            UNITED STATES MAGISTRATE JUDGE

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

7
**STIPULATED PROTECTIVE ORDER REGARDING
CRIMINAL BACKGROUND RECORDS OF PLAINTIFF AND DECEDENT**

00915239.WPD