1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VALETTA McMURRAY,

11               Plaintiff,                    No. CIV S-09-2245 GEB EFB

12         vs.

13   COUNTY OF SACRAMENTO, et al.,

14               Defendants.                   ORDER

15   _____/

16         On October 4, 2011, the magistrate judge filed findings and recommendations

17   herein which were served on the parties and which contained notice that any objections to the

18   findings and recommendations were to be filed within fourteen days.  Plaintiff filed objections on

19   October 18, 2011, and they were considered by the undersigned.

20         This court reviews de novo those portions of the proposed findings of fact to

21   which objection has been made.  28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v.

22   Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920

23   (1982).  As to any portion of the proposed findings of fact to which no objection has been made,

24   the court assumes its correctness and decides the motions on the applicable law.  See Orand v.

25   United States, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are

26   reviewed de novo.  See Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir.

                                             1

1   1983).

2          The court has reviewed the applicable legal standards and, good cause appearing,

3   concludes that it is appropriate to adopt the proposed Findings and Recommendations in full.

4   The court also notes that on October 17, 2011, after the Findings and Recommendations were

5   filed, the Ninth Circuit issued a consolidated *en banc* opinion in Mattos v. Agarano and Brooks

6   v. City of Seattle, --- F.3d ----, 2011 WL 4908374 (9th Cir. Oct. 17, 2011), both of which were

7   cited on page 31 of the Findings and Recommendations.  Dckt. No. 50 at 31.  None of the parties

8   have filed objections to the Findings and Recommendations based on that *en banc* opinion.

9          Nonetheless, the court notes that in that opinion, an *en banc* panel of the Ninth

10  Circuit held that the defendants in both actions (Mattos and Brooks) were entitled to qualified

11  immunity, even though their use of tasers amounted to excessive force, because the law regarding

12  use of tasers was not sufficiently clear at the time of the incidents (in 2006 and 2004,

13  respectively) to render the alleged violations clearly established.  2011 WL 4908374, at *12, *16.

14  The *en banc* panel specifically found that the violations were not "so obvious" that the court

15  could "define clearly established at a high level of generality" such that "Graham [v. Connor, 490

16  U.S. 386 (1989)] alone render[ed] the unconstitutionality of [the] tasing clearly established."

17  2011 WL 4908374, at *12, *16 (citing Ashcroft v. al-Kidd, --- U.S. ----, 131 S. Ct. 2074, 2083

18  (2011)).  Unlike the tasings in Mattos (in which the individual tased, although not posing a threat

19  to officer safety, unintentionally was in the way when the officer attempted to gain control over a

20  potentially dangerous domestic violence dispute) and Brooks (in which the individual tased,

21  although pregnant, did not dispute that she was resisting arrest at the time she was tased), when

22  plaintiff's version of the events are taken as true for purposes of summary judgment, the court

23  finds that it was sufficiently clear at the time of the incident (in 2008), based on Graham, that

24  Deputy Culp's gratuitous multiple uses of the taser violated Damion's Fourth Amendment right

25  to be free from excessive force such that qualified immunity for Culp at the summary judgment

26

stage is improper.[1]

The court also notes that although plaintiff was originally proceeding *pro se*, on October 12, 2011, attorney Ellen Dove filed a notice of substitution as plaintiff's counsel.  Dckt. No. 51.  Because plaintiff is now represented by counsel, the referral to the magistrate judge will be withdrawn and the case will be referred back to the undersigned.

Accordingly, IT IS ORDERED that:

1.  The proposed Findings and Recommendations filed October 4, 2011, are ADOPTED.

2.  Defendants' motion for summary judgment, Dckt. No. 34, is granted in part and denied in part, as follows:

First Claim for Relief

a.  All defendants are granted summary judgment on plaintiff's first claim to the extent it is based on a violation of Damion's Fifth Amendment rights;

b.  All defendants are granted summary judgment on plaintiff's first claim to the extent it is based on a violation of Damion's Fourteenth Amendment rights;

c.  Deputy Bustamante and Deputy Culp are denied summary judgment on plaintiff's first claim to the extent it is based on a violation of Damion's Fourth Amendment rights, but Deputy Candido is granted summary judgment on that claim;

Second Claim for Relief

d.  Deputy Bustamante is denied summary judgment on plaintiff's Fourteenth Amendment claim, but Deputies Culp and Candido are granted summary judgment on

---

[1] As noted in the Findings and Recommendations, plaintiff contends that Damion was doing what he could to comply with the deputies' orders and was not being confrontational; there was no reason to believe that Damion was attempting to flee since Damion was in the house when the officers arrived and did not exit the apartment until after he was tased and then stumbled outside; there were no commands or directives given by any of the officers before or after any of the tases; and there was no need for Culp to deploy the taser a third time because Damion was already in a weakened state and was under control after the first and second tases, and had fallen to the ground as a result of those tases.  Dckt. No. 50 at 28-29, 31-32.

that claim;

Third Claim for Relief

e.  Sheriff McGinness and the County of Sacramento are granted summary judgment on plaintiff's third claim, for § 1983 *Monell* liability;

Fourth Claim for Relief

f.  Deputy Bustamante and the County of Sacramento are denied summary judgment on plaintiff's wrongful death claim, but Deputies Culp and Candido, and Sheriff McGinness are granted summary judgment on that claim;

Punitive Damages

g.  Deputies Bustamante and Culp are denied summary judgment on plaintiff's punitive damages claim, but Deputy Candido, Sheriff McGinness, and the County are granted summary judgment on that claim.

3.  The substitution of counsel filed October 12, 2011, Dckt. No. 51, is approved.

4.  Because plaintiff is now represented by counsel, the referral of this case to the magistrate judge is withdrawn and the case is referred back to the undersigned.

Dated:  November 8, 2011

GARLAND E. BURRELL, JR.
United States District Judge