IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

VALETTA McMURRAY,

        Plaintiff,

    v.

COUNTY OF SACRAMENTO, DEPUTY
SHERIFF JAVIER BUSTAMANTE, and
DEPUTY SHERIFF L. CULP,

        Defendants.

2:09-cv-02245-GEB-EFB

ORDER ON MOTIONS IN LIMINE

The parties move in limine for an order seeking to preclude the admission of certain evidence at trial. Each motion is addressed below.

**A.   Plaintiff's Motions in Limine**

**Motion in Limine No. 1**

Plaintiff seeks to "limit references to the prior convictions of [the decedent,] Damion McMurray[,] and his recent release from prison[,]" arguing "[n]one of the facts of his criminal history have any bearing on the reasons the officers were present at his home on the day he was shot and killed[,] and such references will be unduly prejudicial." (Pl.'s Mots. In Limine ("MILs") 1:16-20.)

Defendants counter, *inter alia,* "Plaintiff fails to delineate any specific convictions, misdemeanor or felonies that she seeks to exclude[, and a]bsent such specifics, this court and Defendants are left to speculate as to how those unspecified convictions are indeed truly

1

1 irrelevant or prejudicial, nor can the court reasonably fashion any
2 order." (Defs.' Opp'n 3:8-11.) Defendants further argue conviction are
3 relevant to damages, "not just to potential liability." (Defs.' Opp'n
4 3:28 to 4:1).

5 Since it is unclear what evidence is involved in this motion,
6 or whether the referenced evidence is relevant on any issue, the motion
7 is DENIED.

**Motion in Limine No. 2**

Plaintiff seeks to exclude reference to the fact that "decedent's father was in prison" at the time of decedent's death. (Pl.'s MILs 1:21-22.) Plaintiff argues such evidence "has no bearing on any of the relevant events[ since h]e was not present at the apartment at the time of the shooting and [is] not currently actively involved in the life of any of the parties or witnesses." Id. at 1:22-24.

Defendants counter "evidence that decedent's father was/is a prisoner is clearly relevant to damages, and the nature and quality of any relationship at issue." (Defs.' Opp'n 4:22-24.) Defendants "also note the *existence* of decedent's father is relative to whether Plaintiff has standing to pursue claims on behalf of decedent." Id. at 4 n.1.

Plaintiff replies, "[the decedent's] father is not a plaintiff and is not seeking damages[;] . . . the nature and quality of [his relationship with decedent] is not at issue." (Pl.'s Reply 2:15-16.)

Defendants have not shown that the decedent's father's incarceration is relevant to Plaintiff's damages or Plaintiff's standing. Therefore, this motion is GRANTED.

**Motion in Limine No. 3**

Plaintiff seeks "to preclude defendants from referencing criminal records of any other witness or potential witness unless there

2

was a conviction for dishonesty such that it would put that witness['s] credibility in issue." (Pl.'s MILs 1:25-27.) Defendants rejoin, "Plaintiff fails to delineate any specific convictions, misdemeanor or felonies that she seeks to exclude, much less any specific witness[,]" and "absent such specifics, Defendants cannot reasonably respond as to how any unspecified convictions are indeed truly irrelevant or prejudicial, nor can the court reasonably fashion any order." (Defs.' Opp'n 5:7-10.)

It is unclear what evidence is involved in this motion, therefore, it is DENIED.

**B.   Defendants' Motions in Limine**

**Motion in Limine No. 1**

Defendants seek to exclude "any reference, question, or testimony pertaining to any officer's personnel records, internal investigations, or citizen complaints concerning the Sheriff's Department, including any such records of the Defendants." (Defs.' MILs 1:25-28.) Defendants argue:

> any information from the above-referenced sources is irrelevant to the issues in this matter; particularly because the standards used by the Sheriff's Department in determining whether discipline is appropriate are not the same as the standards that must guide the Court and the trier of fact in determining whether a violation of 42 U.S.C. § 1983 has occurred.

Id. at 2:8-12. Defendants further argue such evidence is "character evidence," which is inadmissible under Federal Rule of Evidence ("Rule") 404 "to prove the conformity of conduct therewith[;]" "constitute[s] inadmissable hearsay[;]" and should be excluded under Rule 403. Id. at 1:28-2:5, 2:13-14, 2:25-27.

Plaintiff counters:

> [D]efendants' personnel records are pertinent to prior similar acts, their history and behavior and credibility. A history of excessive force or a history of untruthfulness in reporting is probative and should be permitted. It is not the discipline administered but the information that was provided by the defendant in the investigation that is relevant. Also, telling one story at one time and a different story in testimony is grounds for proper impeachment and should be permitted.

(Pl.'s Opp'n 1:16-21.)

The record lacks sufficient factual context for an in limine ruling; therefore, this motion is DENIED.

**Motion in Limine No. 2**

Defendants seek to exclude evidence concerning "prior charges, complaints or lawsuits versus the County of Sacramento, the Sacramento County Sheriff's Department or other County employees[,]" arguing such evidence "is irrelevant to the issues in this case, would be unduly prejudicial to Defendants, would mislead the jury and would necessitate the undue consumption of time and resources." (Defs.' MILs 3:7-12.)

Plaintiff states in her Opposition that she does "not intend[] to introduce evidence as to other complaints unless defendants choose to make a Monell defense." (Pl.'s Opp'n 1:22-24.)

The court previously granted partial summary judgment on Plaintiff's 42 U.S.C. § 1983 Monell claim in favor of Defendant County of Sacramento and former Defendant Sheriff McGinness. (ECF No. 57, 4:2-4.) Therefore, this motion is DENIED as moot.

**Motion in Limine No. 3**

Defendants "request an order excluding any references, questions or testimony regarding Plaintiff's opinion about whether excessive force was used" under Rules 601, 701 and 702. (Defs.' MILs

4

1  4:13-17, 4:20-21.) Defendants argue, "Plaintiff is a lay witness and
2  accordingly is not competent to opine on the question of whether the
3  force used on her son was excessive[.]" Id. at 4:18-19.
4     This motion is DENIED as moot since Plaintiff states in her
5  Opposition that she does "not intend[] to provide direct evidence
6  asserting her opinion as to whether the use of force was improper, but
7  she will state her observations in this regard." (Pl.'s Opp'n 1:24-26.)

**Motion in Limine No. 4**

9     Defendants seek to exclude "any references, questions or
10 testimony regarding the decedent's lost wages and loss of future earning
11 power." (Defs.' MILs 5:5-6.) Defendants argue, "[t]here is no evidence
12 showing [the decedent] completed high school, earned a GED, . . .
13 possessed a particular skill set with which to obtain gainful
14 employment[,] . . . [or] had particular job prospects from which he or
15 Plaintiff could expect a definite amount of income[.]" Id. 5:10-13.
16 "Accordingly," Defendants argue, "testimony as to the decedent's lost
17 wages or future earning power are speculative as being without
18 evidentiary foundation." Id. at 5:14-15. Defendants further argue,
19 Plaintiff is barred from proffering expert testimony on these subjects
20 at trial since she "did not disclose any expert witness . . . concerning
21 [the decedent's] lost wages and future earning power." Id. at 5:16-23.
22    Plaintiff states in her Opposition that she "is not making a
23 claim for [decedent's lost wages], nor is she concerned about future
24 earning 'power.'" (Pl.'s Opp'n 1:27-28.) "However," Plaintiff states,
25 "an essential element of her damages is her assertion that she will no
26 longer have his contributions to her household or physical assistance."
27 Id. at 1:28-2:2. Plaintiff further states "[n]o experts are being

1  offered in this regard, unless for some as now unexpected rebuttal." Id.
2  at 2:2-3.
3       The record lacks sufficient factual context for an in limine
4  ruling and is therefore DENIED.
5       **Motion in Limine No. 5**
6       Defendants seek to exclude evidence "regarding Plaintiff's
7  post-shooting detention and her interactions with Sacramento County
8  representatives after decedent was shot, insofar as it relates to any
9  purported mistreatment of Plaintiff." (Defs.' MILs 6:5-8.) Defendants
10 state that they "anticipate Plaintiff will testify that after the
11 incident with decedent, she was detained in a vehicle for a period of
12 time, and/or she had multiple communications with various Sacramento
13 County representatives which she characterizes as being mistreated." Id.
14 at 6:8-11. Defendants further state that they "also anticipate Plaintiff
15 or others will offer testimony pertaining to the purported
16 'misinformation' she later received from the Sheriff's Department
17 regarding the location of her son's body." Id. at 6:11-13. Defendants
18 argue, "[o]n [the] basis" that the Complaint "does not include any
19 purported Fourth Amendment violation arising from her detention, nor any
20 claim for mistreatment at the hand of any Sacramento County
21 representatives[,] . . . such testimony or evidence is irrelevant." Id.
22 at 6:15-17. Defendants further argue such evidence should be excluded
23 under Rule 403. Id. at 6:19-22.
24      Plaintiff counters, "[t]he actions of the law enforcement
25 personnel after the shooting is an integral part of her treatment and
26 damages[,]" and she should be given "leeway for her to tell her whole
27 story as the actions of concealment indicate motivation and show the
28 beginning of the cover up of an intentional shooting." (Pl.'s Opp'n 2:4-

6

5, 2:7-8.) Plaintiff further rejoins, "the treatment of her, placing her under arrest and confinement, [is] a separate Fourth Amendment violation of her person, whether pled specifically or not." Id. at 2:5-7.

Plaintiff did not allege a Fourth Amendment claim for Defendants' treatment of her in her Complaint, and the absence of such a claim in the Final Pretrial Order precludes her from raising it at trial. Fed. R. Civ. P. 16; United States v. First Nat'l Bank of Circle, 652 F.2d 882, 886(9th Cir. 1981) (stating, a party may not "offer evidence or advance theories at the trial which are not included in the [pretrial] order or which contradict its terms"). Further, Plaintiff has not shown how evidence of her post-incident interactions with Defendants is relevant to her existing Fourth Amendment excessive force, Fourteenth Amendment familial relationship and state wrongful death claims, which all relate to her son's death. For the stated reasons, this motion is GRANTED.

**Motion in Limine No. 6**

Defendants seek to exclude "any reference, questions, or testimony pertaining to Plaintiff's alleged emotional distress." (Defs.' MILs 7:4-5.) Defendants argue "§ 1983 does not specify the type(s) of damages recoverable" for Fourteenth Amendment "loss of familial association" claims; "[t]hus, district courts in California must look to California law[,]" and "'California cases have uniformly held that damages for mental and emotional distress, including grief and sorrow, are not recoverable in a wrongful death action.'" (Defs.' MILs 7:8-13, (quoting Krouse v. Graham, 19 Cal. 3d 59, 72 (1977)).) Defendants further argue emotional distress damages are not recoverable on Plaintiff's claims; "[c]onsequently, any reference, testimony, or questions pertaining to Plaintiff's emotional distress are irrelevant

7

and/or would confuse the issues and mislead the jury under [Rules] 402 and 403, respectively." Id. at 7:14-20.

Plaintiff counters, "[e]motional distress damages are a part of the violation of any person's civil rights, Valetta McMurray's as well as her sons [sic]." (Pl.'s Opp'n 2:12-13.)

Under 42 U.S.C. § 1988, when federal law "[is] deficient in the provisions necessary to furnish suitable remedies[,]" courts look to state law, to the extent that state law "is not inconsistent with the Constitution and laws of the United States[.]" 42 U.S.C. § 1988(a); Robertson v. Wegmann, 436 U.S. 584, 588-589 (1978). "[O]ne specific area not covered by federal law is that relating to the survival of civil rights actions under § 1983 upon the death of either the plaintiff or defendant." Robertson, 436 U.S. at 589. However, Plaintiff's Fourteenth Amendment familial relationship claim is not a survival claim. Rather, it is a claim "based on the related deprivation of [Plaintiff's own] liberty interest arising out of [her] relationship with [the decedent]." Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 371 (9th Cir. 1998). And, "[h]arm due to mental and emotional distress is clearly compensable under 42 U.S.C. § 1983, providing the plaintiff demonstrates that [her] injury resulted directly from the [alleged constitutional violation]." Alexander v. City of Menlo Park, 787 F.2d 1371, 1376 (9th Cir. 1986)(internal quotation marks and citation omitted); see also Cotton v. City of Eureka, Case No. C 08-04386 SBA, 2010 WL 5154945, *15 (N.D. Cal. Dec. 14 2010)(denying Defendant's motion in limine to exclude evidence concerning Plaintiff's emotional distress when Plaintiff alleged a Fourteenth Amendment loss of familial relationship claim).

For the stated reasons, this motion is DENIED.

**Motion in Limine No. 7**

Defendants seek to exclude "evidence relating to Plaintiff's costs and attorney fees[,]" arguing the proper procedure to request fees and expenses is "through a post-trial motion; not during trial itself." (Defs.' MILs 7:25-8:2.)

This motion is GRANTED as moot since Plaintiff states in her Opposition that she "is not intending to refer to attorney fees or case costs she has incurred." (Pl.'s Opp'n 2:14.)

**Motion in Limine No. 8**

Defendants seek to exclude "any reference, testimony, or questions pertaining to [damages] incurred by other family members" "because of [the decedent's] death." (Defs.' MILs 8:10-11, 8:14-16.) Defendants argue, "[the decedent's] mother is the sole Plaintiff in this law suit[; t]herefore, that other members of [his] family purportedly sustained emotional distress or incurred out-of-pocket costs resulting from his death is irrelevant." Id. at 8:11-14.

Plaintiff states in her Opposition: "Plaintiff does not contemplate asserting damages in favor of any other family members, but should not have to preclude them from mentioning their loss in a general way." (Pl.'s Opp'n 2:17-20.)

It is unclear what Plaintiff means when she contends she should not be precluded from mentioning other family member's "loss in a general way." Further, Plaintiff has not shown that evidence of other family member's damages incurred as a result of the decedent's death are relevant to her claims. Therefore, this motion is GRANTED.

**Motion in Limine No. 9**

Defendants seek to exclude "testimony from witnesses Yanae Lee, Vivian Baker, and Amber Jackson." (Defs.' MILs 8:20-22.) Concerning Vivian Baker and Amber Jackson, Defendants state in relevant part as follows:

> No currently available information or evidence suggests how Vivian Baker or Amber Jackson are able to contribute to Plaintiff's case. Specifically, neither were first-hand observers of the incident. . . . Therefore these witnesses are foreclosed from offering their testimony under [Rules] 601, 602, and 701. . . . Plaintiff certainly did not attempt to disclose or qualify them as expert witnesses under [Rule] 702 and therefore cannot permissibly solicit their opinion in any regard.

Id. at 8:24-9:8. Defendants also argue that to the extent Plaintiff "intends to call these persons as witnesses merely to recount discussions they had with Plaintiff or other persons concerning the incident[,]" such testimony would be irrelevant, redundant, and constitute clearly inadmissible hearsay. Id. at 9:9-18.

Regarding Yanae Lee, Defendants summarized her deposition testimony as follows:

> Yanae is Plaintiff's niece and decedent's cousin. On the morning of the incident just prior thereto, Yanae was present at her mother's home, Shirley Lee. Shirley is Plaintiff's sister. Yanae was sitting next to her mother on the couch, during which time her mother was on the phone. Yanae was unable to hear what each of them were saying to her mother over the receiver. Shirley was consoling and/or praying regarding the loss of decedent's younger cousin. Shirley abruptly stood up and dropped the phone to the ground. Yanae picked up the phone and place[d] it to her ear in time to hear what she believed to be two gunshots. She and her mother then immediately drove to Plaintiff's residence and observed multiple police cars, two of which contain[ed] Plaintiff and Arlandis. Yanae observed decedent - who had apparently already passed away by this time - being wheeled off on a gurney. Yanae reached out for decedent but was restrained by an officer. She and her mother did

```
 1                  not leave the scene of the incident until hours
                    later, after dark.
 2
 3  Id. at 9:20-10:4. Defendants argue Yanae Lee "was not a first-hand
 4  observer of the events leading up to the decedent's death nor the
 5  shooting itself[,]" and "is therefore unable to offer evidence which
 6  would support Plaintiff's claims[.]" Id. at 10:5-8. Defendants further
 7  argue, "[t]o the extent [Yanae Lee's] testimony is sought to describe
 8  her mother's phone conversation, such testimony is hearsay, irrelevant,
 9  and would be redundant to Shirley Lee's testimony and would additionally
10  constitute inadmissible hearsay." Id. at 10:8-10.
11            Plaintiff opposes the motion, rejoining as follows:
12            All [three women] have pertinent testimony to
              provide about the plaintiff and the decedent. They
13            are not lacking in competence and may be called to
              provide testimony about plaintiff's reputation for
14            truthfulness. Yanae Lee was present while her
              mother Shirley Lee was talking to [the decedent]
15            during the incident. She heard her mother's part of
              the conversation and picked up the phone and heard
16            the gunshots. She was first hand even if not on the
              scene. There is nothing inadmissible about her
17            observations during the phone call or her
              observations at the crime scene which she had
18            reached while decedent was still present. Whether
              he was alive at the time and still suffering is
19            pertinent to the wrongful death action.
20  (Pl.'s Opp'n 2:21-28.)
21            The record lacks sufficient factual context for an in limine
22  ruling; therefore, the motion is DENIED.
23            **Motion in Limine No. 10**
24            Defendants seek to exclude "any reference, testimony, or
25  questions pertaining to any costs associated with decedent's funeral."
26  (Defs.' MILs 10:17-18.) Defendants state: "In short, Plaintiff did not
27  actually incur those costs[; r]ather, funds for the funeral were raised
28  by the proceeds earned from a car wash and fish-fry event put on by the
```

11

entire family." Id. at 10:18-20. Defendants argue: "[since] Plaintiff did not pay for the cost of [the] funeral, she is not entitled to recover the cost of the funeral as damages[; therefore], any reference, testimony, or questions pertaining to the same are irrelevant[.]" Id. at 10:20-25.

Plaintiff counters: "[t]here were funeral costs. Whether plaintiff paid them directly or with the help of the labor and money of others is not pertinent any more than if she had an insurance policy for that." (Pl.'s Opp'n 3:1-3.)

Defendants provide no authority to support their conclusory argument that Plaintiff is not entitled to recover the costs of decedent's funeral as damages since they were paid by a third party. Therefore, this motion is DENIED.

**Motion in Limine No. 11**

Defendants seek to exclude "all post-shooting or autopsy photographs of the decedent." (Defs.' MILs 11:5-6.) Defendants state that they "do not dispute the fact that [the decedent] died from being shot[,]" and argue "[p]hotographs of decedent taken after his death are of no relevance toward the resolution of whether such shooting constituted excessive force or wrongful death, or violated Plaintiff's right to familial association[.]" Id. at 11:7-9. "In particular," Defendants argue:

> the photographs in and of themselves will not elucidate whether the amount of force used on the decedent was objectively reasonable, particular[ly] in that Plaintiff did not disclose any expert witnesses[; n]or would such photographs clarify the question of whether Deputy Bustamante's actions shocked the conscience or were deliberately indifferent.

1  Id. at 11:9-13. Defendants also argue the photographs should be excluded
2  under Rule 403. Id. at 11:16-23.
3        Plaintiff rejoins that post mortem photographs "relate [to]
4  method of injury, trajectory, and other matters to determine excessive
5  force." (Pl.'s Opp'n 3:4-5.) Plaintiff further argues that the
6  photographs "are not necessarily so gruesome a jury could not handle
7  them and are no more likely to inflame a jury by their being shown than
8  the fact of the defendants shooting an unarmed man after they tapered
9  him into stupification[, and] . . . can be suitably redacted to minimize
10 the risk of undue prejudice." Id. at 3:5-8.
11       The record lacks sufficient factual context for an in limine
12 ruling; therefore, the motion is DENIED.

### Motion in Limine No. 12

14       Defendants seek to exclude "evidence pertaining to decedent's
15 hedonic and/or 'right to life' damages," arguing California law
16 precludes them in survivorship actions, and California law applies in
17 the "context of a decedent's surviving civil rights action under section
18 1983." (Defs.' MILs 12:5-12.) Defendants further argue, "[g]iven that
19 Plaintiff is precluded from collecting hedonic damages, any reference,
20 question, or testimony relating to the decedent's pain, suffering, and
21 loss of the enjoyment of life are irrelevant." Id. at 12:18-20.
22 Defendants also argue such evidence is "barred by [Rule] 403." Id. at
23 20-23.
24       Plaintiff states in her Opposition that "[h]edontic [sic]
25 damages are not being sought." (Pl.'s Opp'n 3:11.) However, Plaintiff
26 also states that "[i]f it is shown that decedent had survived for a
27 short period, plaintiff [and Yanae Lee] should be allowed to introduce
28 evidence of the pain [they] saw on his face." Id. at 3:9-11.

13

The Ninth Circuit defines "hedonic damages" as damages "'for the loss of the pleasure of being alive." (Mark H. v. Lemahieu, 513 F.3d 922, 930 n.6 (9th Cir. 2008)(quoting Black's Law Dictionary 417 (8th ed. 2004)). However, Defendants defined "hedonic damages" in this motion as "those attributable to pain, suffering, and loss of the enjoyment of life." (Defs.' MILs 12 n.1 (citing Garcia v. Sup. Ct., 42 Cal. App. 4th 177, 180 (1996)). Defendants' arguments and citations to authority in this motion further support that they intended this motion to include a request to exclude any evidence of the decedent's pain and suffering. Therefore, the court construes the scope of this motion in limine to include evidence concerning the decedent's pain and suffering in addition to the decedent's "loss of the pleasure of being alive."

Since Plaintiff is not seeking hedonic damages, that portion of Defendants' motion is DENIED as moot. The remainder of Defendants' motion is addressed below.

> Section 1983 does not address survivor claims or any appropriate remedies. Therefore, courts must look to state law, to the extent that state law is not inconsistent with the Constitution and the laws of the United States. In doing so, courts must remain mindful that the purpose of the Federal Civil Rights Act is to (1) deter official illegality, and (2) adequately compensate parties for injuries caused by the depravation of constitutional rights.
>
> Federal courts in the Eastern District of California have generally concluded that California's survival statute applies to actions brought under § 1983 and bars recovery of emotional distress by a successor-in-interest. The courts that have discussed the issue have reasoned that disallowing the recovery of emotional distress would not meaningfully diminish the deterrent effect of a § 1983 action. Moreover, courts have concluded that applying California's bar against the recovery of emotional distress would not deny an injured party compensation because parties may still recover damages through a wrongful death action.

14

1  Walsh v. Tehachapi Unified School Dist., --- F. Supp. 2d ----, 2011 WL
2  5156791, at *16 (E.D. Cal. 2011)(internal quotation marks and citations
3  omitted); see also Estate of Contreras ex rel. Contreras v. Cnty. of
4  Glenn, 725 F. Supp. 2d 1151, 1155-56 (E.D. Cal. 2010)(compiling cases).
5  Therefore, "in light of the damages that are provided by the California
6  survival and wrongful death statutes, the [C]ourt finds that state law
7  is not inconsistent with the Constitution and laws of the United States.
8  Because state law does not permit recovery of a decedent's pain and
9  suffering," Plaintiff may not recover for any pain and suffering the
10 decedent experienced prior to death. Venerable v. City of Sacramento,
11 185 F. Supp. 2d 1128, 1133 (E.D. Cal. 2002). Accordingly, any evidence
12 of the decedent's pain and suffering is irrelevant to Plaintiff's
13 claims.
14          For the stated reasons, Defendants' motion to exclude evidence
15 concerning the decedent's pain and suffering is GRANTED.

**Motion in Limine No. 13**

17          Defendants seek to exclude "all media coverage concerning
18 decedent's shooting death, as well as media coverage generally related
19 to the Sheriff Department's use of force[,]" arguing "such evidence is
20 irrelevant, hearsay, and prejudicial." (Defs.' MILs 13:5-7.)
21          Plaintiff states in her Opposition: "No mention of media
22 coverage is intended unless defendants' assert and introduce evidence of
23 a Monell defense." (Pl.'s Opp'n 3:13-14.)
24          Since the court granted Defendants partial summary judgment on
25 Plaintiff's 42 U.S.C. § 1983 Monell claim, this motion is DENIED as
26 moot.

**Motion in Limine No. 14**

Defendants request an order excluding "certain newspaper clippings on which handwritten notations appear." (Defs.' MILs 13:25-27.) Defendants argue the newspaper clippings should be excluded under Federal Rule of Civil Procedure 37(c)(1) since "[they] never received such newspaper clippings during discovery[,]" and Plaintiff had "a duty to disclose all documents [she] may use to support [her] claims or defenses" under Federal Rule of Civil Procedure 26. Id. at 14:2-9 (internal brackets, internal quotation marks and citation omitted). Defendants further argue that the newspaper clippings are irrelevant and contain unauthenticated handwriting notations. Id. at 13:27-14:1, 14:9-18.

Plaintiff counters as follows:

> [Plaintiff] has newspaper clippings that decedent was holding and referencing and has so informed defendants. They may or may not have been provided while plaintiff was in pro per. Any introduction of them will go to decedent's state of mind and not to the truthfulness or meaning of the specific content.

(Pl.'s Opp'n 3:16-19.)

Federal Rule of Civil Procedure 26 requires the disclosure of "a copy--**or a description by category and location**--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Fed. R. Civ. P. 26(a)(ii)(emphasis added). "Rule 26(e)(1)(A) requires disclosing parties to supplement their prior disclosures 'in a timely manner' when the prior response is 'incomplete or inaccurate.'" Hoffman v. Construction Protective Servs., Inc., 541 F.3d 1175, 1179 (9th Cir. 2008)(quoting Fed. R. Civ. P. 26(e)(1)(A)).

16

1  "If a party fails to provide information . . . as required by Rule 26(a)
2  or (e), the party is not allowed to use that information . . . to supply
3  evidence . . . at trial, unless the failure was substantially justified
4  or is harmless." Fed. R. Civ. P. 37(c)(1).

5  Defendants do not address in this motion whether or not Plaintiff properly disclosed a description of the newspaper clipping as permitted by Rule 26; they only contend the document was not produced. Therefore, they have not shown that excluding its admission at trial is an appropriate sanction under Rule 37. Further, the record lacks sufficient factual context for an in limine ruling on Defendants' remaining relevance and authentication arguments. Therefore, this motion is DENIED.

**Motion in Limine No. 15**

Defendants seek to exclude any "photographic and/or video reenactments of the incident or scene thereof for exhibition at trial." (Defs.' MILs 14:23-24.) Defendants argue, "Plaintiff did not disclose such reenactment media as required by Federal Rule of Civil Procedure, Rule 26(a)(1)(A)(ii)[; a]ccordingly, under Federal Rule of Civil Procedure, Rule 37(c)(1), Plaintiff cannot later offer the same at trial." Id. at 14:25-28. Defendants further argue such reenactments are inadmissible under Rule 403, and "[t]he verbal statements contained in any video footage, as well as the non-verbal statements contained in any photographs, would constituted inadmissible hearsay." Id. at 15:1-2, 15:10-12.

Plaintiff states in her Opposition that she "is proposing to provide a reenactment video for illustrative purposes[,]" but "[i]t has not been created as yet and thus has not been made available for previewing." (Pl.'s Opp'n 3:20-23.)

1         It is unclear what Plaintiff references as a reenactment video
2  and whether what Plaintiff characterizes as an illustrative purpose
3  justifies use of the reference evidence in light of Rule 403
4  considerations.  However, this motion has not been shown ripe for an in
5  limine ruling, and is therefore DENIED.
6  Dated:  January 19, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge