IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
VALETTA McMURRAY,                )
                                 )    2:09-cv-02245-GEB-EFB
          Plaintiff,             )
                                 )
     v.                          )    ORDER
                                 )
COUNTY OF SACRAMENTO; DEPUTY     )
SHERIFF JAVIER BUSTAMANTE, and   )
DEPUTY SHERIFF L. CULP,          )
                                 )
          Defendants.            )
_____ )
```

An order issued on January 11, 2012, which required the parties to file briefs concerning Defendants' contention, raised in their trial brief, that Plaintiff lacks standing to assert a Fourth Amendment survival claim on behalf of the decedent.

Defendants filed a "Supplemental Trial Brief Regarding Standing" on January 17, 2012. (ECF No. 79.) In essence, Defendants argue Plaintiff's Fourth Amendment survival claim should be dismissed because Plaintiff has not filed "the affidavit necessary under California law to commence a survival action as a decedent's successor in interest[;]" Plaintiff cannot cure her failure to file the necessary affidavit because she is now time barred by the applicable statute of limitations and California Government Code section 945.6; and even if she were given the opportunity to file the necessary affidavit, she cannot satisfy the statutory standing requirements "because decedent's father is also a beneficiary under state law but is not a party to this

1

action." (Def.'s Supp. Trial Brief ("Def.'s Brief") 3:23-27, 4:2-4, 4:8-21, 4:24-27, 6:9-12.) Defendants further argue that Plaintiff lacks "standing and/or cannot maintain her [state law] wrongful death [claim] without decedent's father as a party to this action." Id. at 5:13-15.

Plaintiff addressed the standing issue in a filing captioned "Plaintiff's Reply to Defendants' Motions in Limine Opposition/Strike Motion," which was filed on January 17, 2012. (ECF No. 80.) Plaintiff argues, "the standing issue ha[s] been waived by defendants' failure to raise it during their pretrial statements and the prior two years of the pendency of this lawsuit." (Pl.'s Reply to Defs.' Mots. In Limine ("Pl.'s Brief") 1:18-19.) Plaintiff further argues that "defendants should be estopped from raising [the standing issue] at this late stage a few weeks before trial" "for their strategic or negligent withholding of this argument[.]" Id. at 1:22-23.

Defendants' arguments are addressed in turn below.

**A.   Plaintiff's Fourth Amendment Survival Claim**

Defendants argue "Plaintiff's survivor claim must be dismissed for lack of standing" under California Code of Civil Procedure sections 377.30 and 377.32. (Defs.' Brief 2:19-20, 5:11.)

Although "[Defendants] use the term 'standing,' they are not referring to 'standing' in the constitutional sense of the word. Instead, they are referring to standing in terms of Plaintiff's 'capacity to sue' on behalf of Decedent's estate." Johnson v. Cal. Dept. of Corr. & Rehab., 2009 WL 2425073, at *4 (E.D. Cal. Aug. 7, 2009)(citation omitted); see also Estate of Burkhart v. United States, No. C 07-5467 PJH, 2008 WL 4067429, at *10 (N.D. Cal. Aug. 26, 2008)("The question whether [Plaintiff] has the ability to assert claims on [the decedent's behalf under California's survival statute] involves

the determination whether she has the capacity to bring suit as a representative.") "'The question of a litigant's capacity or right to sue or to be sued generally does not affect the subject matter jurisdiction of the district court.'" De Saracho v. Custom Food Machinery, Inc., 206 F.3d 874, 878 n.4 (9th Cir. 2000)(quoting Summers v. Interstate Tractor & Equip. Co., 466 F.2d 42, 50 (9th Cir. 1972)) "Therefore, unless the objection is properly raised, the court may properly adjudicate the case notwithstanding this defect." Estate of Burkhart, 2008 WL 4067429, at *10 (citation omitted); see also De Saracho, 206 F.3d at 878 (stating, "an objection to a party's capacity . . . can be analogized to an affirmative defense and treated as waived if not asserted by motion or responsive pleading[.]").

In this case, Defendants did not raise Plaintiff's capacity to sue on the Fourth Amendment survival claim in their Answer or in a pretrial motion, and "[a]ll law and motion . . . [was ordered to have been] *completed* by July 6, 2011." (Status (Pretrial Scheduling) Order 2:12, ECF No. 32.) Further, Defendants have not shown that this issue was not waived by their failure to timely raise it. For the stated reasons, Defendants' "standing" arguments concerning Plaintiff's Fourth Amendment survival claim are disregarded.

**B.   Plaintiff's Wrongful Death Claim**

Defendants contend for the first time in their Supplemental Trial Brief Regarding Standing that "Plaintiff [also lacks] standing and/or cannot maintain her wrongful death [claim] without decedent's father as a party[,]" arguing "California's wrongful death statute[,] California Code of Civil Procedure section 377.60[,] has been interpreted to authorize only a single action, in which all the decedent's heirs must join." (Defs.' Brief 5:13-19.) Defendants further

argue: "[o]mitted heirs . . . are 'necessary parties,' and plaintiff heirs have a mandatory duty to join all known omitted heirs in the 'single action' for wrongful death. If an heir refuses to participate in the suit as a plaintiff, he or she may be named as a defendant . . . so that all heirs are before the court in the same action." Id. 5:20-6:1.

Defendants' contentions do not concern Plaintiff's "standing" to assert a wrongful death claim, since Defendants have not contested Plaintiff's standing under section 377.60 to bring this claim in her capacity as the parent of a decent without children. See Chavez v. Carpenter, 91 Cal. App. 4th 1433, 1439 (2001)("The first subdivision of the wrongful death statute gives standing to those persons who would be entitled to the property of the decedent by intestate succession, but only if there is no surviving issue of the decedent. Under the laws of intestate succession, a decedent's parents become heirs where there is no surviving issue.") Instead, the crux of Defendants' argument challenges whether Plaintiff has the ability to maintain her wrongful death claim without having the decedent's father joined as a party in this action.

Rule 19 governs the compulsory joinder of parties, and decision on a joinder issue involves a "two-part analysis." Washington v. Daley, 173 F.3d 1158, 1167 (9th Cir. 1999). "First, [the court must] determine whether an absent party is 'necessary.' If the absent party is necessary and cannot be joined, [the court must] then decide whether the absent party is 'indispensable.'" Id. (citations omitted).

> The terms "necessary" and "indispensable" are terms of art in Rule 19 jurisprudence: "Necessary" refers to a party who should be "[j]oined [under Rule 19(a)] if [f]easible[]"; "Indispensable" refers to a party whose participation is so important to the resolution of the case that, if the joinder of the party is not feasible, the suit must be dismissed [under Rule 19(b).]

4

Disabled Rights Action Comm. V. Las Vegas Events, Inc., 375 F.3d 861, 867 n.5 (9th Cir. 2004)(internal citations omitted).

"[A]lthough the absence of an [']indispensable party['] may be raised at any time, the failure to join [']necessary parties['] may be waived if objections are not made in the defendant's first responsive pleading." Baykeeper v. Union Pacific R.R. Co., No. C 06-02560 JSW, 2009 WL 1517868, at *1 (N.D. Cal. June 1, 2009)(citing Citibank, N.A. v. Oxford Properties & Finance Ltd., 688 F.2d 1259, 1263 n.4 (9th Cir. 1982)).

"Section 377.60 . . . do[es] not expressly prevent more than one cause of action by a decedent's heirs. Nevertheless wrongful death actions are considered to be joint, single and indivisible." Ruttenberg v. Ruttenberg, 53 Cal. App. 4th 801, 807 (1997)(internal quotation marks and citations omitted). The California Supreme Court has defined "joint, single and indivisible," as follows:

> In stating that an action for wrongful death is joint, it is meant that all heirs should join or be joined in the action and that a single verdict should be rendered for all recoverable damages; when it is said that the action is single, it is meant that only one action for wrongful death may be brought whether, in fact, it is instituted by all or only one of the heirs, or by the personal representative of the decedent as statutory trustee for the heirs; and when it is said that the action is indivisible, it is meant that there cannot be a series of suits by heirs against the tortfeasor for their individual damages.

Cross v. Pacific Gas & Elec. Co., 60 Cal. 2d 690, 694 (1964). "The wrongful death statute is 'a procedural statute establishing compulsory joinder and not a statute creating a joint cause of action.'" Ruttenberg, 53 Cal. App. 4th at 807 (quoting Cross, 60 Cal. 2d at 692).

> Two conclusions follow from this principle. First, each heir has a personal and separate cause of action, and a separate rather than a joint interest. Second, strict compliance with the

5

>               statutory procedure is not jurisdictional in the
>               sense that a failure to comply with statutory
>               requirements requires reversal of a judgment. The
>               latter point applies when wrongful death plaintiffs
>               fail to join all heirs. The [court] has
>               jurisdiction to try a wrongful death action even
>               absent joinder of one or more heirs of the
>               decedent.

Id. (internal quotation marks and citations omitted).

Applying the above principles, omitted heirs have been held to be "necessary," but not "indispensable" parties, under California procedural law. Ruttenberg, 53 Cal. App. 4th at 808 ("As defined by [California Code of Civil Procedure] section 389, a nonjoined heir is not an 'indispensable party' to a wrongful death action.") Similarly, federal courts have held that omitted heirs are not per se indispensable parties under Rule 19(b). See A.D. v. Cal. Highway Patrol, No. C 07-5483 SI, 2009 WL 733872, at *4-5 (N.D. Cal. Mar. 17, 2009)(stating an omitted heir was not an indispensable party where his claims were time barred by failing to timely file an administrative claim); Estate of Burkhart, 2008 WL 4067429, at *6-8 (same).

Here, Defendants have not shown that the decedent's father is an "indispensable party" under Rule 19(b); they only argue that he is a "necessary" party. (Def.'s Brief 5:20-22.) Further, Defendants have not shown that their failure to object in their first responsive pleading to the absence of the decedent's father as a party does not constitute waiver of the issue. Therefore, Defendants' "standing" arguments on Plaintiff's wrongful death claim are disregarded.

Dated:   January 30, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

6