IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALETTA McMURRAY,<br><br>           Plaintiff,<br><br>      v.<br><br>COUNTY OF SACRAMENTO; DEPUTY<br>SHERIFF JAVIER BUSTAMANTE, and<br>DEPUTY SHERIFF L. CULP,<br><br>           Defendants.<br>_____ | 2:09-cv-02245-GEB-EFB<br><br><br><br>ORDER |

Defendants have proposed the following jury instructions concerning their qualified immunity affirmative defense:

> The defendants assert the defense of qualified immunity to plaintiff's claims under section 1983. Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation.
>
> Determining whether a law enforcement officer is entitled to qualified immunity require[s] three inquires [sic]:
>
> 1.  The identification of the specific right allegedly violated;
>
> 2.  Whether the right was so clearly established as to alert a reasonable officer to his constitutional parameters; and
>
> 3.  Whether a reasonable officer could have believed his conduct to be lawful.
>
> If a reasonable officer in defendants' position could have believed that his conduct was lawful in light of clearly established law at the time of the incident, he is protected from liability by qualified immunity.

1

1  (Joint Proposed Civil Jury Instructions, Instructions Nos. 23-25, ECF
2  No. 66, pages 30-32.)
3         These proposed qualified immunity jury instructions are an
4  inadequate "guide [for] the jury's deliberation" since they do not
5  explain instructed terms. U.S. v. Redlightning, 624 F.3d 1090, 1122 (9th
6  Cir. 2010)(internal quotation omitted). They do not explain what
7  constitutes a "reasonable officer," or what "clearly established law"
8  means.
9         "Jury instructions must be formulated so that they fairly and
10 adequately cover the issues presented, correctly state the law, and are
11 not misleading. The instructions must allow the jury to determine the
12 issues presented intelligently." Fikes v. Cleghorn, 47 F.3d 1011, 1013
13 (9th Cir. 1995)(citation omitted). Since the proposed qualified immunity
14 jury instructions fail to follow these principles, and it is unclear
15 whether suitable instructions could be drafted for the impending trial,
16 which is scheduled to commence on February 7, 2012, the question of law
17 involved with this affirmative defense shall be decided by the court,
18 rather than the jury-notwithstanding the parties' indication in their
19 Joint Pretrial Statement that all issues would be submitted to the jury.
20 As the Ninth Circuit states in Act Up!/Portland v. Bagley, 988 F.2d 868,
21 873 (9th Cir. 1993):

22         [T]he determination of what conduct underlies the
           alleged violation-what the officer and claimant did
23         or failed to do-is a determination of fact [to be
           decided by a jury;] however, . . . the
24         determination whether those facts support an
           objective belief that [the officer reasonably
25         believed he was not violating Plaintiff's right to
           be free from excessive force] is ordinarily a
26         question for the court.

27         Since the jury will not decide the question of law involved
28 with this defense, the jury need not be informed about the affirmative

2

defense of qualified immunity during any part of the proceedings. The jury will resolve the discrete issues of fact, if any, and all assertions made by the parties regarding the defense of qualified immunity shall be confined to those issues of fact.

In light of this ruling on how the qualified immunity affirmative defense will be decided, the Final Pretrial Order (ECF No. 59) is supplemented as follows:

A special verdict or interrogatories shall be filed by each party no later than February 8, 2012, for all factual disputes to be resolved by the jury concerning the qualified immunity affirmative defense. Further, no later than February 8, 2012, each party shall file proposed prevailing party findings of fact and conclusions of law concerning the qualified immunity affirmative defense.

Dated:   February 3, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge